**In re James M. HICKS and Tina L. Hicks, Debtors.**

**James M. HICKS, and Tina L. Hicks, Plaintiffs,**

**v.**

**FIFTH THIRD BANK, Defendant.**

**Bankruptcy No. 3–90–04309.**

**Adv. No. 3–91–0017.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Oct. 4, 1991.

Michael J. Ellerbrock, Dayton, Ohio, for plaintiffs/debtors.

Alan J. Statman, Cincinnati, Ohio, for defendant.

George W. Ledford, Trustee, Englewood, Ohio.

U.S. Trustee, Columbus, Ohio.

## DECISION ON ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANT FIFTH THIRD BANK

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court on the motion of defendant Fifth Third Bank for summary judgment. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## PLAINTIFFS' COMPLAINT

The complaint of plaintiffs/debtors, James M. Hicks and Tina L. Hicks, contains the following allegations:

1) Debtors filed a petition in bankruptcy pursuant to chapter 13 of the Bankruptcy Code on September 28, 1990;

2) The defendant, Fifth Third Bank, was scheduled by the debtors as an unsecured creditor in the amount of $1,833 for a Visa card debt, and the defendant filed a proof of claim for the same amount;

3) A significant portion of the debt owed to the defendant consisted of charges for groceries and goods at Krogers, James M. Hicks' place of employment;

4) After the debtors filed their petition in bankruptcy, the defendant notified Krogers that it was refusing to honor certain credit card charges (totaling $499.65) incurred at Krogers by James M. Hicks;

5) Subsequently, Mr. Hicks was approached by his employer for payment of $499.65 and is continually "pressured" for payment of that amount;

6) Such conduct on the part of the defendant constitutes a violation of the automatic stay of § 362(a), as well as a willful and malicious violation of the stay.

Plaintiffs/debtors pray for a judgment against the defendant in the amount of $499.65 plus punitive damages in the amount of $2,500 and attorney fees.

## DEFENDANT'S ANSWER

As part of its defense, the defendant answers that it "took no action against the debtor or property of the debtor" in contravention of § 362(a). In addition, the defendant asserts that:

This creditor has not committed any act which constitutes an exercise of control over the property of the debtor's estate pursuant to 11 U.S.C. § 362, because the subject Visa charges totalling $499.65 which creditor charged back to the Kroger account were the property of Kroger's and not the property of the debtor's estate (Doc. # 3).

## MOTION FOR SUMMARY JUDGMENT

Presently before the court is the defendant's motion for summary judgment, accompanied by the affidavit of Kathy Ferry, who is a recovery manager for the defendant. In her affidavit, Ms. Ferry states that:

1) She is employed with Fifth Third Bank in the capacity of a recovery manager.

2) In her employment capacity she has custody and control of the Visa account of the debtors, James M. Hicks and Tina L. Hicks.

3) On August 25, 1990, she was notified that the debtors' Fifth Third Visa account ... was placed on the Visa Warning Bulletin pursuant to the National Visa Regulations.

4) According to the Visa regulations ... the fact that the debtors' account had been placed on the warning bulletin gave rise to Fifth Third Bank's right to charge back certain amounts charged to the debtors' Visa account.

5) Subsequently, several charge back request forms were completed between the dates September 4, 1990 and September 24, 1990, requesting that various amounts be charged back to the appropriate bank account maintained by the merchant, Kroger Company.

6) Each charge back request was made prior to the debtors filing their chapter 13 bankruptcy petition, which to the best of affiant's knowledge and belief occurred on September 28, 1990.

Attached to the affidavit are fourteen copies of separate "Request for Chargeback" forms which list Kroger as the merchant and "Warning Bulletin" as the reason for the chargeback.

The debtors have filed nothing in response to the defendant's motion for summary judgment.

## CONCLUSIONS OF LAW

Summary judgment is appropriate when there is no genuine issue of material fact, and the party moving for summary judgment is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. For their

claims to withstand a motion for summary judgment, the plaintiffs must do more than merely rest on their pleadings. *Boze v. Branstetter,* 912 F.2d 801, 807 (5th Cir. 1990). Instead, they must present some "specific facts showing that there is a genuine issue for trial." *Celotex Corporation v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Here, the plaintiffs have filed nothing in response to the defendant's motion for summary judgment, and the court finds that the affidavit of Kathy Ferry establishes the undisputed material facts in this adversary proceeding.

█ The filing of a petition in bankruptcy operates as a stay against a variety of actions by creditors. 11 U.S.C. § 362(a). Obviously, there is no automatic stay until the petition is filed. Therefore, because it is undisputed that all of the acts of Fifth Third Bank, i.e., the chargebacks to the Kroger account, occurred prior to the debtors' filing of their bankruptcy petition, the actions of the defendant could not have violated the automatic stay.

For the foregoing reasons judgment will be entered in favor of the defendant.